IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARRIE M. WARD, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 8:23-cv-1352-PX |
| | * | |
| MARIA D. AMAYA, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

### MEMORANDUM ORDER

Pending before the Court is Plaintiffs' motion to remand. ECF No. 8. The time to respond to the motion has passed, and no hearing is necessary. *See* Loc. R. 105.2.a & 105.6. For the following reasons, the Court GRANTS the motion.

On December 5, 2017, Maria Amaya secured a promissory note and executed a Deed of Trust related to real property at 13270 Country Ridge Drive, Germantown, MD 20874. ECF No. 2-1 at 7-17. Amaya defaulted on her loan, which prompted the Substitute Trustees to initiate a foreclosure action against the property in the Montgomery County Circuit Court. ECF No. 2 at 2-3; *see also Ward et al. v. Amaya*, No. C-15-CV-23-001695 (Montgomery Cnty. Cir. Ct. filed Apr. 27, 2023). On May 22, 2023, Amaya noted removal of the foreclosure action (ECF No. 1), purportedly invoking this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331. The Substitute Trustees moved to remand.[1]

Federal courts "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). When jurisdiction is challenged, the removing party must show that this Court maintains jurisdiction. *Strawn v. AT&T Mobility,*

---

[1] The Substitute Trustees inexplicably ask that the matter be remanded to the Circuit Court for Washington County. ECF Nos. 8 at 1 & 8-2 at 1. But because suit was first filed in Montgomery County Circuit Court, the action will return to that court. *See generally* ECF Nos. 2 & 2-1.

*LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  Federal courts construe removal statutes strictly and resolve all doubts in favor of remand.  *See Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

Amaya solely invokes federal question jurisdiction.  ECF No. 1-1.  The matter, however, is a straightforward foreclosure action governed solely by state law.  ECF No. 2; *see also* Md. Code Ann., Real Prop. § 7-105.1 & Md. Rule 14-207.  Thus, although Amaya may wish to proceed in this Court, nothing in the Complaint makes such jurisdiction plausible.

Accordingly, it is this 1st day of August 2023, by the United States District Court for the District of Maryland, ordered that:

1. Plaintiffs' Motion to Remand (ECF No. 8) and the same hereby IS, GRANTED;
2. The Clerk shall REMAND this action to the Circuit Court for Montgomery County, Maryland, for further proceedings;
3. The Clerk shall TRANSMIT and MAIL copies of this Order to the parties and the Clerk of the Court for the Circuit Court for Montgomery County, Maryland; and
4. CLOSE this case.

August 1, 2023  
Date

      /S/  
Paula Xinis  
United States District Judge